**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES LANTZ<br>13 Spruce Court<br>Burlington, VT 05401<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF COMMERCE<br>1410 Constitution Ave., NW<br>Washington, DC 20230<br><br>And<br><br>U.S. PATENT AND TRADEMARK OFFICE<br>600 Dulany Street<br>Alexandria, VA 22314,<br><br>Defendants. | Civil Action No.____________ |

**COMPLAINT FOR DECLARATORY JUDGMENT**
**AND INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, as well as agency FOIA regulations, 37 CFR § 102 *et seq*. challenging the failure of the United States Department of Commerce ("Commerce") and its component, the United States Patent and Trademark Office ("PTO") to fulfill the FOIA request of James Lantz.

2. This case seeks declaratory relief that defendants are in violation of the FOIA for failing to fulfill plaintiff's request for records, and injunctive relief that defendants immediately and fully comply with plaintiff's request under the FOIA.

## JURISDICTION AND VENUE

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 702, which gives the Court jurisdiction over agency actions where an aggrieved party has suffered wrong within the meaning of a "relevant statute," here the FOIA. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 703, 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Plaintiff James Lantz is a documentary filmmaker located in Burlington, Vermont who, along with 2000 Kickstarter backers is producing a documentary film about the Eat More Kale vs Eat More Chikin trademark conflict.

5. Defendant Commerce is an agency within the meaning of 5 U.S.C. § 552(f). The PTO is a component of Commerce. Defendant Commerce, through its component, defendant, the PTO is the federal agency with possession and control of the records responsive to plaintiff's request and is responsible for fulfilling the FOIA request of plaintiff.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

6. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill

the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

8. An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial. 5 U.S.C. § 552(a)(6)(A)(ii).

9. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and must also provide "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B).

10. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

11. The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records. Specifically, when requiring the release of improperly withheld records, if the court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered. 5 U.S.C. § 552(a)(4)(F).

12. The PTO has FOIA regulations mandating its requirements to respond to FOIA requests. 37 C.F.R. § 102 *et. seq.*

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

13. By email dated October 28, 2015, plaintiff submitted a FOIA request to the PTO seeking certain records from August 1, 2011 to October 28, 2015, concerning "Trademark Application serial number 85412053, filing date 08/31/2011 for the mark

'Eat More Kale' or contain any of the following phrase and/or names: 'Eat More Kale', 'Bo Muller-Moore' or 'Robert Muller-Moore' (the applicant) which may be listed as "Muller-Moore, Robert' or "Muller-Moore, Bo' or 'Daniel Richardson' which may be listed as 'Daniel P. Richardson' or 'Ashlyn Lembree' which may be listed as "Ashlyn J. Lembree' (the attorneys of record)."

14. Plaintiff stated that he was making this request as a documentary filmmaker who was producing a documentary on Mr. Muller-Moore's efforts to trademark the phrase "Eat More Kale." Plaintiff stated that because this information was in the public interest and would shed light on the trademark process, he sought a public interest fee waiver.

15. By letter dated December 3, 2015, the PTO responded to plaintiff's request and assigned it Request No. F-16-00021. Further, the PTO indicated that it had located 45 pages of documents responsive to his request but that certain of the material was being withheld pursuant to FOIA Exemptions 5 and 6. The PTO provided administrative appeal rights.

16. By letter dated December 21, 2015, plaintiff through undersigned counsel, administratively appealed the PTO's December 3, 2015 action. Plaintiff appealed the PTO's withholding of certain material pursuant to FOIA Exemption 5. The appeal stated that there is "additional material that should be released pursuant to the FOIA."

17. By letter dated January 28, 2016, PTO acknowledged receipt of plaintiff's administrative appeal and assigned it FOIA Appeal No. A-16-00008. The PTO affirmed its use of FOIA Exemption 5 but released portions of two documents that contained segregable information. The PTO also stated that it had conducted additional searches

and located 52 additional pages of responsive material but that portions of that material were being withheld pursuant to FOIA Exemptions 5 and 6. As this was a final decision. The PTO provided plaintiff with his judicial rights.

18. The PTO's withholding of records pursuant to FOIA Exemption 5 is overbroad and improper.

19. The PTO's search for records was inadequate. As an example, attachments to records referred to in the released records were not processed and released to plaintiff.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Failure to Conduct an Adequate Search)

20. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

21. Plaintiff submitted a request that reasonably described the records sought and was made in accordance with PTO's published rules.

22. In response, defendant PTO has failed to conduct a search reasonably calculated to uncover all responsive agency records.

23. Therefore, defendants have violated the FOIA's mandate to search for responsive records. 5 U.S.C. §552(a)(3)(D).

24. Plaintiff is entitled to injunctive and declaratory relief with respect to the search for the requested records.

### CLAIM TWO
### (Failure to Produce Records Under the FOIA)

25. Plaintiff realleges and incorporates by reference all preceding paragraphs.

26. Plaintiff properly asked for records within defendants' control.

27. Plaintiff is entitled by law to access the records requested under the FOIA, unless defendants make an explicit and justified statutory exemption claim.

28. Defendants have not produced all the records responsive to plaintiff's FOIA requests.

29. Therefore, defendants have violated the FOIA's mandate to release agency records to the public by failing to release the records as plaintiff specifically requested. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Declare that defendants have violated the FOIA and agency regulations by failing to conduct an adequate search for records responsive to plaintiff's FOIA request of October 28, 2015;

(2) Order the defendants to immediately conduct and document an adequate search for responsive records as dictated by plaintiff's request;

(3) Declare that the defendants have violated the FOIA by failing to lawfully satisfy plaintiff's FOIA request;

(4) Order the defendants to release all records responsive to plaintiff's FOIA request;

(5) Award plaintiff his reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant such other and further relief as the Court may deem just and proper.

Dated: May 18, 2017

Respectfully submitted,

Scott A. Hodes
(D.C. Bar No. 430375)
P.O. Box 42002
Washington, D.C. 20015
Phone (301) 404-0502
Fax (413) 641-2833

Attorney for Plaintiff